**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Jaspreet S.,

Petitioner,

v.

Todd Blanche, et al.,

Respondents.

**ORDER GRANTING MOTION TO ENFORCE**

**Civil File No. 26-03307 (MJD/LIB)**

---

Daniel P. Suitor, Daniel P. Suitor, PLLC, Counsel for Petitioner.

Derek Ganzhorn, Assistant United States Attorney, Counsel for Respondents.

---

This matter is before the Court on Petitioner Jaspreet S.'s Motion to Enforce. (Doc. 14.) Respondents do not oppose the motion. (Doc. 20.)

## I. BACKGROUND

On September 3, 2026, the Court granted in part Petitioner's petition for writ of habeas corpus. (Doc. 10.) The Court ordered, in pertinent part, the following:

> 1. Petitioner's detention without an individualized bond hearing violates his rights under the Due Process Clause of the Fifth Amendment;
>
> 2. Respondents are ordered to provide Petitioner with a bond hearing within one week after the issuance of this Order;
>
> 3. Respondents are ordered to file notice of such bond hearing directly

with the Court within two (2) hours of its scheduling; [and]

4. The Immigration Judge is prohibited from denying the opportunity for a bond hearing based on a purported lack of jurisdiction.

(Id. at 20.) In a footnote to paragraph 3, above, the Court stated that "[t]he purpose of [filing notice with the Court within two hours of its scheduling] is to provide timely notice to Petitioner's counsel so that counsel can prepare for the bond hearing and/or find an immigration law attorney to represent Petitioner at the hearing." (Id. n.3.)

On September 4, 2026, Respondent's Counsel filed a letter stating, "Petitioner received a bond hearing today at 8:30 a.m. Petitioner was denied bond based on dangerousness to the community and flight risk. Petitioner appeared pro se, as his counsel in immigration proceedings has not agreed to represent him in bond hearings." (Doc. 12.)

On September 9, 2026, the Court granted Petitioner's email request to file a motion to enforce the Court's September 3, 2026 Order. (Doc. 13.) Petitioner filed his motion on September 28. (Doc. 14.) On September 29, Respondents filed their response. (Doc. 20.)

## II. DISCUSSION

The Court finds that Respondents' hearing notice was insufficient and did not comply with either the letter or the spirit of the Court's September 3, 2026 Order. The proper response to an order holding that Respondents have violated Petitioner's due process is not to commit another due process violation.

Respondents' Counsel states, "Petitioner's bond hearing was scheduled on September 3, 2026, the same day as the Court's order. Notice of the bond hearing did not reach me until late in the afternoon, when I was already away from my desk. By the time I was able to notify the Court, the bond hearing had already taken place." (Doc. 20.) Although it appears that Respondents' Counsel had no part in the timing of the bond hearing, scheduling the hearing for first thing in the morning the day after the Court issued its order feels mean-spirited. It is axiomatic that there was no way for Petitioner and his counsel to prepare.

Petitioner's brief in support of his motion details the scramble he engaged in on the morning of September 4, 2026 while trying to reach counsel prior to the bond hearing. Petitioner learned about the 8:30 a.m. hearing from a fellow inmate at approximately 8:00 a.m. (Docs. 14 at 3-4; 15 (Decl. Jaspreet S.) ¶¶ 4-10.)

Ultimately, Petitioner appeared pro se at the bond hearing where he was denied both a continuance and bond. (Doc. 15 ¶ 10.)

The instant motion followed. Respondents do not object to the motion but propose that any order of the Court include a provision requiring 48 hours between the scheduling of a bond hearing and its occurrence. (Doc. 20.) The Court will adopt this proposal.

## III. ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion to Enforce **[Doc. 14]** is **GRANTED**.

1. Respondents are ordered to provide Petitioner with a bond hearing within one week after the issuance of this Order;

2. Respondents must provide 48 hours between the scheduling of a bond hearing and its occurrence; and

3. All other provisions contained in paragraphs 3-8 of the Court's September 3, 2026 Order [Doc. 10 at 20-21] are incorporated herein by reference.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 6, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court